THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NEXT STEP MEDICAL CO. INC.; JORGE IVAN DAVILA NIEVES; MADELINE RODRIGUEZ MUÑOZ; and their CONYUGAL PARTNERSHIP,<br><br>     Plaintiffs,<br><br>        v.<br><br>BIOMET INC.; BIOMET INTERNATIONAL, LTD.; BIOMET 3i, LLC; BIOMET ORTHOPEDICS PUERTO RICO, INC., JOHN DOE,<br><br>     Defendants. | Civil Case. NO. 13-1518 (PG) |

## OPINION AND ORDER

Pending before the court is plaintiffs Next Step Medical Co. Inc., Jorge Ivan Davila Nieves, Madeline Rodriguez Muñoz, and their Conjugal Partnership's motion for remand on procedural grounds (Docket No. 9). Therein, plaintiffs request this court remand the above-captioned complaint to state court, inasmuch as the notice of removal is procedurally defective. For the reasons set forth below, this Court **GRANTS** plaintiffs' request and **REMANDS** the above-captioned complaint to state court.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2013, Next Step Medical Co. Inc., Jorge Ivan Davila Nieves, Madeline Rodriguez Muñoz, and their Conjugal Partnership (hereinafter collectively referred to as "Plaintiffs") filed the original complaint before the Puerto Rico Court of First Instance, San Juan Superior Part, against Biomet Inc., Biomet International Ltd., Biomet 3i, LLC, and Biomet Orthopedics Puerto Rico (hereinafter collectively referred to as "Defendants"). In short, Plaintiffs allege that Defendants unilaterally terminated an exclusive distribution agreement after

Plaintiffs had allegedly "refused to execute a written distribution agreement that contained a forum selection clause, an arbitration clause and a choice of law clause demanded by Biomet." See Docket No. 9. However, according to Plaintiffs, the real motive for termination was that "Biomet was already planning to sell the products in Puerto Rico through its Puerto Rico sales subsidiary Biomet Ortho PR." Id. In the complaint, Plaintiffs aver five causes of action based solely on Puerto Rico state law.[1]

Thereafter, on July 1, 2013, Defendants removed the case to this court on the basis of diversity jurisdiction pursuant to 28. U.S.C. § 1332(a). See Docket No. 1. Plaintiffs then filed a motion for remand (Docket No. 9). According to said motion, plaintiff Next Step is a domestic corporation organized in Puerto Rico, defendant Biomet is an Indiana corporation, and defendants Biomet International and Biomet 3i are either Indiana or Delaware corporations. However, defendant Biomet Ortho PR is a domestic corporation organized in Puerto Rico. Consequently, Plaintiffs request that this Court remand the case back to state court, insofar as the notice of removal was signed by Biomet Ortho PR, a forum defendant, and thus, the same was procedurally defective. Id.

Defendants opposed the plaintiffs' request (Docket No. 13). Therein, they assert that even though Biomet PR "is a Puerto Rico corporation, which would ordinarily destroy complete diversity … it cannot be held liable for tortious interference, and thus its presence as a named defendant should be ignored under the fraudulent joinder doctrine

---

[1] In the complaint, Plaintiffs aver causes of action pursuant to the Puerto Rico Dealers Act, Act No. 75 of June 24, 1964, 10 P.R. LAWS ANN. § 278; as well as for breach of contract and tort under the Puerto Rico Civil Code.

Civil No. 13-1518 (PG)                                              Page 3

for diversity purposes." Id. at page 2. Plaintiffs subsequently filed a
reply to Defendants' opposition (Docket No. 34).

## II.   DISCUSSION

     "The district courts of the United States are courts of limited
jurisdiction. They possess only that power authorized by Constitution and
statute." In re Olympic Mills Corp., 477 F.3d 1, at 6 (citing Kokkonen v.
Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994)). Pursuant to 28
U.S.C. § 1441(a), "any civil action brought in a State court of which the
district courts of the United States have original jurisdiction, may be
removed by the defendant or the defendants, to the district court of the
United States for the district and division embracing the place where such
action is pending." 28 U.S.C. § 1441(a). Consequently, the complaint must
present either a federal question, or diversity of citizenship must exist
in order for a case to be removed to federal court under 28 U.S.C.
§ 1441(a).

     Section 1441(b) addresses the removal of cases on the basis of
diversity of citizenship. Accordingly, said section states that a case "may
not be removed if any of the parties in interest properly joined and served
as defendants is a citizen of the State in which such action is brought."
28 U.S.C. § 1441(b)(2).

     "[R]emoval statutes are strictly construed … and defendants have the
burden of showing the federal court's jurisdiction." Danca v. Private
Health Care Systems, 185 F.3d 1, 4 (1st Cir.1999) (internal citations
omitted). "When plaintiff and defendant clash about jurisdiction,
uncertainties are construed in favor of remand." Asociacion de Detallistas
de Gasolina v. Shell, 380 F.Supp.2d 40, at 43 (D.P.R.2005) (citing Burns v.
Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir.1994)).

"Fraudulent joinder is a judicially created doctrine that provides an exception to diversity requirements." Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11th Cir.1998). Accordingly, this doctrine "is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction." Figueroa Berrios v. BASF Corp., No. 05-1317, 2006 WL 2456407, at 1 (D.P.R. August 22, 2006) (citing Briarpatch Limited, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2nd Cir.2004)). Thus, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Id. See also Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875 (1st Cir.1983) (finding that a party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship.).

Courts have elaborated a two-pronged approach to be taken into account when entertaining a fraudulent joinder claim, wherein "[t]he removing party bears a heavy burden of proving that joinder was fraudulent." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). Accordingly, "[a] defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident

defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d at 1287. In addition, "[f]or the joinder of a non-diverse defendant to be legitimate, and to thus defeat diversity jurisdiction, the plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action." <u>Id</u>.

Since Defendants do not allege that Plaintiffs have fraudulently pled jurisdictional facts to bring the resident defendants into state court, this Court will refrain from discussing said factor herein. Nevertheless, Defendants do assert that Plaintiffs "state no cognizable cause of action" against Biomet PR, inasmuch as Plaintiffs' only claim against Biomet PR is for tortious interference and they fail to meet the required criteria.[2] <u>See</u> Docket No. 1. This, because according to Defendants, "Biomet PR obviously cannot be a third party to a contract to which its own parent corporations are a party." <u>Id</u>. at page 4.

After reviewing the Second Amended Complaint (Docket. No 10-1), the Court notes that even though Plaintiffs included a cause of action based on tortious interference against Biomet PR, the complaint also sets forth four other causes of action against all Defendants.[3] Thus, even if the Court were to dismiss the tortious interference claim, there are four

---

[2] Pursuant to Puerto Rico case law, in order to successfully establish a tortious interference claim, the plaintiff must demonstrate "(1) the existence of a contract with which a third party interferes (2) fault must be present as the third party must act tortiously with knowledge of the contract's existence; (3) there must be a damage; and 4) the damages must be a consequence of the tortious acts of the third party." <u>Huongsten Prod. Import & Export Co. Ltd. V. Sanco Metals LLC</u>, No. 10-1610 2011 WL 3607816, at 7 (D.P.R. August 16, 2011) (citing <u>Gen. Office Prods. Corp. v. A.M. Capens Sons, Inc.</u>, 115 P.R. Dec. 553, 559 (1984)).

[3] Namely, a first cause of action pursuant to the Puerto Rico Dealers Act, Act 75 of June 24, 1964, 10 P.R. Laws Ann. § 278; a second cause of action pursuant to P.R. Civil Code Arts. 1054-1060, 1077, 31 L.P.R.A. § 3018-3024, 3052; and two other causes of action pursuant to P.R. Civil Code Art. 1802, 31 L.P.R.A. § 5141. <u>See</u> Docket No. 10-1.

additional causes of action included in the Second Amendment Complaint against all of the Defendants, including Biomet PR. Also, the Court finds that there is "a possibility that a state court would find that the complaint states a cause of action against … the resident defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d at 1287. Consequently, Defendants failed to meet their "burden of showing this court's jurisdiction, Danca, 185 F.3d at 4, and the above-captioned complaint shall be remanded back to state court.

### III. CONCLUSION

Pursuant to the foregoing, this Court hereby **GRANTS** Plaintiffs' request for remand (Docket No. 9). The Clerk of Court shall enter judgment remanding the action to the Court of First Instance, San Juan Superior Part.

**SO ORDERED.**

In San Juan, Puerto Rico, October 22, 2013.

                                   S/ JUAN M. PÉREZ-GIMÉNEZ
                                   JUAN M. PÉREZ-GIMÉNEZ
                                   UNITED STATES DISTRICT JUDGE